**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | **CRIMINAL NO. 10-MJ-00215-01 (DAR)** |
| v. | : | |
| | : | |
| | : | |
| **SCOTT J. BLOCH** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S MOTION TO RECONSIDER
THE COURT'S FEBRUARY 2, 2011 MEMORANDUM OPINION**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits this motion to reconsider the Court's February 2, 2011 memorandum opinion in which the Court ruled that 2 U.S.C. §192 expressly requires a mandatory minimum sentence of one month incarceration. In support of this motion to reconsider, the government provides the following limited additional authority to the Court's attention.

**Background**

1.  Prior to issuing its February 2, 2011 memorandum opinion, the Court had instructed the parties to address what if any authority exists for the proposition that 2 U.S.C. §192 does not require the Court to sentence the defendant to at least one month of incarceration in light of the language in the statute which reads: "Every person who . . . refuses to answer any question pertinent to the question under inquiry, *shall be deemed guilty of a misdemeanor,* punishable by a fine of not more than $1,000 nor less than $100 and *imprisonment in a common jail for not less than one month* nor more than twelve months." (emphasis added).

2.  One of the primary arguments advanced by the parties was that the language contained in 2 U.S.C. §192 is less exact and less precise than the language contained in other federal criminal

statutes which contain much more definite language expressly precluding a sentence of probation. *See, e.g.,* Government's August 16, 2010 Supplemental Memorandum in Aid of Sentencing, at 4-5; and Government's September 24, 2010 Supplemental Memorandum in Aid of Sentencing, at 2-4.  One of the federal statutes that the government used as an example of having this more exact and clear language was 18 U.S.C. § 924(c), which reads in relevant part:

> " . . . any person . . . who, in furtherance of any such crime, possesses a firearm, *shall*, in addition to the punishment provided for such crime of violence or drug trafficking crime . . . *be sentenced to a term of imprisonment of not less than 5 years . . . [n]otwithstanding any other provision of law (i) a court shall not place on probation any person convicted of a violation of this subsection . . .* "

*See* 18 U.S.C. § 924(c)(1)(A)(i) and (c)(1)(D)(i) (emphasis added); *see* Government's 8/16/10 Memorandum at 2; and Government's 9/24/10 Memorandum at 2.  Significantly, 18 U.S.C. § 924(c) explicitly states that, "notwithstanding any other provision of law [] a court shall not place on probation any person convicted of a violation."  In contrast, 2 U.S.C. §192 contains no such explicit prohibition against a probationary sentence.

### Additional Authority

3. The government has recently found additional authority (not previously cited by either party in prior submissions) that squarely supports the argument that a sentence of probation (or suspended sentence) is always permitted unless there is language expressly precluding probation.  In the Supreme Court Case of *Rodriguez v. United States*, 480 U.S. 522 (1987), the Court faced a defendant who pled guilty for selling heroin while released on personal recognizance on another federal charge.  Under such circumstances, 18 U.S.C. § 3147 applied, which read in relevant part: "A person convicted of an offense committed while released . . .*shall be sentenced . . . to [] a term of*

*imprisonment of not less than two years* and not more than ten years if the offense is a felony . . ." *Id.* at 523, n. 1 (emphasis added). Nevertheless, and despite this "shall . . .be sentenced" language, the trial court, relying on another provision of the federal sentencing scheme, 18 U.S.C. § 3651, suspended the execution of a 2-year sentence, finding that under the circumstances, a 2-year probation term was more appropriate. Title 18 U.S.C. § 3651 provided in relevant part: "Upon entering a judgment of conviction . . . *any court . . . may suspend the imposition or execution of sentence and place the defendant on probation* . . . " (emphasis added).[1] At issue was whether the trial court had authority to impose probation rather than a sentence of at least two years of incarceration. In other words, the Court needed to reconcile the language in Section 3147, which seemed to require a term of incarceration, with the language of Section 3651, which appeared to authorize probation.

   4. The Supreme Court ruled that the trial court *did* have discretion to impose probation. The Court found that the two provisions at issue "fit together quite sensibly," reasoning that Section 3147's requirement of a sentence of "at least two years" was compatible with the authority that Section 3651 gave judges discretion to suspend the execution of sentences if probation was appropriate. *Id*. at 524. The Court noted that, "Section 3147 is no different from many other federal statutes requiring minimum sentences, which have uniformly been held to be subject to the suspension authority of § 3651." *Id.* (citations omitted). The Court rejected the argument that the trial court had

---

  [1] Section 3651 has since been replaced by 18 U.S.C. 3561(a) which contains a similar provision. Specifically, Section 3561(a)(2) reads in relevant part:
> "A defendant who has been found guilty of an offense may be sentenced to a term of probation unless . . . *the offense is an offense for which probation has been expressly precluded* . . . " (emphasis added).

no discretion to impose probation simply because various Senate and House Reports referred to Section 3147 as establishing a "mandatory" sentence, and as prescribing a "term of at least two years." *Id*. Moreover, the Court pointed out that one of these Reports "also noted that the reported version of the provision eventually codified at 18 U.S.C. § 924(c), would permit such suspension, and recommended that it be amended to eliminate that possibility." *Id.* at 525. The Court went on to observe that Congress did, in fact, subsequently amend Section 924(c) to make Section 3651 unambiguously inapplicable by including an express preclusion against probation in its text. *Id*. at 525.[2]

    5.    Thus, the Court concluded it was "overwhelmingly clear" that "Congress acted – as it is presumed to act, [] – with full awareness of the well-established judicial interpretation that Section 3651 permits the suspension of sentences 'unless [it is] explicitly made inapplicable.'" *Id*. (citations omitted).

    6.    The government has also found one case in this Circuit, *United States v. Mudd*, 817 F.2d 840 (D.C.Cir. 1987), which has applied the holding in *Rodriguez* and extended it to the parole context. *Id*. at 842. Noting that *Rodriguez* "concluded that Congress was aware of the established judicial interpretation allowing probation unless a statute explicitly precluded it[,]" the *Mudd* Court extended this same analysis and concluded that "parole availability [] should parallel probation availability as determined by *Rodriguez*." *Id.* at 843-44.

---

    [2]    In fact, the Court cited four separate sentencing provisions that explicitly precluded probation, indicating congressional recognition that explicitness was the way to achieve preclusion. Those four provisions are: 18 U.S.C. Section 924 (c) (Supp. III 1985); *id.* Section 929; *id.* App. Section 1202(a); and 21 U.S.C. Section 845a(c) (Supp. III 1985). *Rodriguez*, 480 U.S. at 252.

7. Accordingly, *Rodriguez* and *Mudd* appear to squarely address the issue before the Court and support the proposition that unless Congress has expressly precluded probation (as it did in 18 U.S.C. § 924(c), but did not in 2 U.S.C. § 192), then a sentence of probation *is* allowed.  Accordingly, 18 U.S.C. § 3561 (which as noted above replaced Section 3651), allows for a sentence of probation for convictions of 2 U.S.C. § 192 because Section 192 does not "expressly preclude[]" a probationary sentence.  *See* 18 U.S.C. § 3561(a)(2).

WHEREFORE, the government respectfully requests that the Court reconsider its February 2, 2011 memorandum opinion.

    Respectfully submitted,

    RONALD C. MACHEN JR.
    UNITED STATES ATTORNEY
    D.C. BAR NUMBER 447-889
    555 4th Street, N.W., 5th Floor
    Washington, D.C.  20530
    (202) 514-6600

By:    /s/
    GLENN S. LEON
    New York Bar.  Reg. No.: 2621589
    Assistant U.S. Attorney
    Fraud and Public Corruption Section
    555 4th Street, N.W.
    Washington, D.C.  20530
    (202) 305-0174
    Glenn.S.Leon@usdoj.gov