**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | CRIMINAL NO.  10-MJ-00215-01 (DAR) |
| v. | : | |
| | : | |
| | : | |
| SCOTT J. BLOCH | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S MOTION TO WITHDRAW ITS MOTION TO RECONSIDER THE
COURT'S FEBRUARY 2, 2011 MEMORANDUM OPINION**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits this motion to withdraw its previously filed motion to reconsider the Court's February 2, 2011, memorandum opinion.  In addition, the government responds to the Court's February 7, 2011, order directing the government to address the following two issues:

1. Provide the authority pursuant to which it filed its February 7, 2011 motion for reconsideration; and

2. Address the contention of the United States Probation Office that an "Additional Authority" which the government offers in its motion has been "abolished[.]"

*See* February 7, 2011 Minute Entry filed at 4:22 EDT.

### I. Authority for Motion to Reconsider

Although motions to reconsider are not expressly provided for by the Federal Rules of Criminal Procedure, courts have long recognized that litigants may properly file them and judges may properly rule upon them.  *See*, *e.g.*, *United States v. Dieter*, 429 U.S. 6, 8 n.3 (1976) (referring to motions to reconsider in criminal cases as a "traditional and virtually unquestioned practice") (internal

quotation omitted); *United States v. Ibarra*, 502 U.S. 1, 4-7 (1991).  S*ee also United States v. Fiorelli*, 337 F.3d 282, 286 (3d Cir. 2003) ("motions for reconsideration may be filed in criminal cases"); *United States v. Clark*, 984 F.2d 31, 33-34 (2d Cir. 1993).  More specifically, motions for reconsideration in criminal cases are part of the accepted practice in this District.  *See, e.g., United States v. Cabrera,* 699 F. Supp. 2d 35, 40 (D.D.C. 2010) (Hogan, J.) (entertaining a motion for reconsideration in a criminal case and noting that many judges on the Court have done so).

### II.      *Rodriguez v. United States*, 480 U.S. 522 (1987)

In its motion to reconsider, the government relied on *Rodriguez v. United States*, 480 U.S. 522 (1987) (per curiam).  In that case, the Supreme Court held that probation was available to defendants convicted under 18 U.S.C. § 3147, which provided that a defendant convicted of committing an offense while on release "shall be sentenced . . . [to] a term of imprisonment of not less than two years and not more than ten years if the offense is a felony . . . ."  Despite the mandatory language of Section 3147, the Supreme Court held that probation was available because 18 U.S.C. § 3651 authorized judges to suspend the imposition or execution of a sentence, and to place defendants on probation. 480 U.S. at 522-26.  Thus, the Court reasoned, although Section 3147 required that the judge pronounce a sentence of at least two years, the judge was permitted by Section 3651 to suspend imposition or execution of that sentence, in favor of probation.  *Id.*

Upon further reflection, the government has concluded that its prior reliance on *Rodriguez* was misplaced.  Section 3651, which was a crucial component of the analysis in *Rodriguez*, was later repealed and replaced by 18 U.S.C. § 3561(a).  Unlike former Section 3651, Section 3561(a) does not permit suspension of the imposition or execution of a sentence.  Rather, as pertinent here, it forbids a sentence of probation as to "an offense for which probation has been expressly precluded . . . ."  18

U.S.C. § 3561(a)(2).  Thus, if the one-month minimum sentence referred to in 2 U.S.C. § 192 is properly understood as mandatory, then Section 3561(a)(2) forecloses a probationary sentence.[1]  *Cf. United States v. Mueller*, 463 F.3d 887, 888-892 (9th Cir. 2006) (in light of Section 3561(a)(2), mandatory sentences can no longer be suspended in favor of probation), *cert. denied*, 550 U.S. 903 (2007).  Because the statute on which the analysis in *Rodriguez* rested has been replaced by a statute with materially different wording, the government agrees with the Probation Office that *Rodriguez* does not provide a basis for reconsideration of the Court's opinion.  The government therefore respectfully moves to withdraw its motion to reconsider.[2]

---

[1] In earlier submissions in this case, the government contended that 2 U.S.C. § 192 is not properly understood as requiring imposition of a term of imprisonment.  The Court has ruled otherwise, however, and the government no longer seeks reconsideration of that ruling.  In case this is helpful to the Court, however, we note that the pertinent language in 2 U.S.C. § 192 was not introduced in the 1938 amendment to that provision, but rather had been enacted no later than 1878.  See Rev. Stat., § 102, pp. 17-18 (2d ed. 1878).

[2] In light of this Court's ruling that 2 U.S.C. § 192 requires a minimum penalty of one month's incarceration, defense counsel has informed the government that the defendant intends to file a motion to withdraw his guilty plea in this case, on the ground that plea colloquy did not satisfy the requirement of Federal Rule of Criminal Procedure 11(b)(1)(I) that "[b]efore the court accepts a plea of guilty . . . the court must inform the defendant of, and determine that the defendant understands, . . . any applicable mandatory minimum penalty."  The government believes that the defendant's position is well-founded, and will not oppose his motion to withdraw his plea.  *See, e.g., United States v. Hairston,* 522 F.3d 336, 338-343 (4th Cir. 2008) (vacating a guilty plea because the defendant was not properly advised of the applicable mandatory minimum sentence).
   The parties are currently in the process of negotiating another plea agreement, pursuant to which the defendant would plead guilty to a different offense should the Court grant the defendant's motion to withdraw his guilty plea.

WHEREFORE, the government moves to withdraw its motion to reconsider the Court's February 2, 2011, memorandum opinion.

        Respectfully submitted,

        RONALD C. MACHEN JR.
        UNITED STATES ATTORNEY
        D.C. BAR NUMBER 447-889
        555 4th Street, N.W., 5th Floor
        Washington, D.C.  20530
        (202) 514-6600

By:        /s/
        GLENN S. LEON
        New York Bar.  Reg. No.: 2621589
        Assistant U.S. Attorney
        Fraud and Public Corruption Section
        555 4th Street, N.W.
        Washington, D.C.  20530
        (202) 305-0174
        Glenn.S.Leon@usdoj.gov