UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA,**

v.

**SCOTT J. BLOCH**

      **Defendant.**

Criminal No. 1:10-mj-00215-DAR-1

**DEFENDANT'S MOTION TO RECONSIDER THE COURT'S DENIAL OF DEFENDANT'S UNOPPOSED MOTION TO WITHDRAW HIS GUILTY PLEA**

Pursuant to this Court's Order from the bench during the hearing on March 10, 2011, Defendant Scott J. Bloch, by his attorneys, submits this Motion to Reconsider the Court's Denial of Defendant's Unopposed Motion to Withdraw his Guilty Plea. For the reasons set forth below, we respectfully request that the Court reconsider its previous ruling and grant Mr. Bloch's Unopposed Motion to Withdraw his Guilty Plea.

**I.  Introduction.**

As Chief Judge Lamberth has explained, "[i]f the plea colloquy was not conducted in 'substantial compliance' with Rule 11, the defendant should *'almost always'* be permitted to withdraw the plea." United States v. Shah, 263 F. Supp. 2d 10, 20 (D.D.C. 2003) (Lamberth, J.) (emphasis added) (quoting United States v. Ford, 993 F.2d 249, 251 (D.C. Cir. 1993)). Indeed, in this Circuit,

> [i]t should go without saying that the standard for withdrawal of a plea is *very lenient* when the plea was entered … contrary to Rule 11 procedures. Such pleas should almost always be permitted to be withdrawn … Thus, when the defendant can show that the initial plea colloquy was not conducted in substantial compliance with FED.R.CRIM.P. 11, the defendant should almost always be permitted to withdraw his plea.

Ford, 993 F.2d at 251 (internal citations and quotations omitted; emphasis added). This Court, however, chose the exceedingly rare path of declining to grant a motion to withdraw a defendant's guilty plea even though it is indisputable that the Court's Rule 11 colloquy violated the compulsory requirement under Rule 11(b)(1)(I) that the Court explicitly advise the defendant of the fact that the charge to which he is pleading guilty carries a mandatory minimum sentence.

At approximately 9:30 p.m. on Wednesday, March 9, 2011, this Court issued a Memorandum Opinion and Order [Dkt. No. 47] ("Mem. Op." or "Order") in which the Court denied Mr. Bloch's Motion to Withdraw his Guilty Plea. During the hearing the following afternoon, undersigned counsel advised the Court that he had not yet had occasion to fully review the Memorandum Opinion and Order with Mr. Bloch and requested a brief continuance so that Mr. Bloch could determine what he would do in response to the Order. Undersigned counsel advised the Court that he anticipated that Mr. Bloch would file a motion to reconsider. This Court granted a brief continuance, and ordered that Mr. Bloch file any motion to reconsider by 12:00 p.m. on Monday, March 14, 2011.

Having fully considered the Court's Order, Mr. Bloch has elected to file the instant motion for reconsideration because: (i) the Court's Order was premised on clear error in the record and, alternatively, (ii) reconsideration of the Court's Order is necessary to prevent manifest injustice. See Ciralsky v. CIA, 355 F.3d 661, 671-72 (D.C. Cir. 2004) (motion to reconsider is discretionary and should be granted if the Court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice). With respect to the former, the entirety of the Court's Opinion is premised upon a misunderstanding of Mr. Bloch's position in this case, as reflected in his original motion as well as his Affidavit, which constitutes clear error. With respect to the latter,

2

the affidavit of Ryan R. Sparacino, Esq., attached hereto as Exhibit 1, emphatically demonstrates that Mr. Bloch would not have pleaded guilty had he been informed, prior to the April 27, 2010 plea hearing, that 2 U.S.C. § 192 was not probation-eligible, or if this Court had informed him during the Rule 11 colloquy that such offense was not probation-eligible.  Thus, we request that the Court reconsider its earlier ruling and grant Mr. Bloch's motion to withdraw his guilty plea.

**II.     Mr. Bloch's Motion To Withdraw His Guilty Plea Should Be Granted Because The Court's Entire Opinion Is Premised On Clear Error.**

The foundation of the Court's entire Opinion rests on clear error:  that Mr. Bloch's "assertion, through his affidavit, that he would not have plead guilty had he 'been informed' that he would not receive probation is, simply put, not entitled to credence." Mem. Op. at 13.  In his Affidavit, however, Mr. Bloch never averred that "he would not have plead guilty *had he been informed that he would not receive probation*," as the Court claimed.  See id. (emphasis added).  Instead, Mr. Bloch's Affidavit averred that if he "had been informed that 2 U.S.C. § 192 *was not a probation-eligible offense*, or that any sentence under 2 U.S.C. § 192 required a mandatory minimum term of incarceration, [he] would not have pleaded guilty."  Bloch Affidavit ¶ 3 [Dkt. No. 42-1].  Thus, the Court's Opinion is premised upon the clearly erroneous interpretation that Mr. Bloch's Affidavit was focused on the *outcome*, i.e., whether or not he ultimately received probation.  His Affidavit, however, made manifest that Mr. Bloch's focus was on whether probation was *even a possibility*.  This central distinction taints the entirety of the Court's analysis.[1]  The Court's misconstrual of the issue is further demonstrated by the Court's clearly

---

[1] The Court's Memorandum Opinion suggests that a Court may only consider admissible evidence in connection with a motion to withdraw.  However, under the case law of this Circuit, credible information by counsel, as informed by the record in the case, may also be used to show a reasonable probability that the defendant would not have pleaded guilty if he had been advised of a mandatory minimum during the Rule 11 colloquy.  Cf. United States v. Ford, 993 F.2d 249, 252 (D.C. Cir. 1993) (representations made in moving papers, as well as affidavit from defendant, both considered for purposes of offer of proof sufficient to sustain motion to withdraw); United States v. Sibblies, 562 F. Supp. 2d 1, 3-4 (D.D.C. 2008) (suggesting that an evidentiary hearing may be appropriate when the motion alleges sufficient facts or circumstances supporting withdrawal).  In this case, Mr. Bloch's original Motion,

erroneous statement at the end of its Opinion concerning an attempt by the parties to dictate an outcome. See Mem. Op. at 20. Neither Mr. Bloch nor the Government has ever argued that Mr. Bloch is entitled to probation as a matter right, but only that the Plea Agreement contemplated eligibility for probation, that 2 U.S.C. § 192 provides no mandatory minimum sentence, and that probation is warranted in this case for the reasons advanced in Mr. Bloch's Memoranda in Aid of Sentencing, as well as those propounded by the Government. See generally Dkt. Nos. 10, 11, 15, 16, 23 and 24.

Equally erroneous is the Court's complete failure to discuss in its Memorandum Opinion—or even mention—the only two prosecutions in the past twenty years which proceeded under 2 U.S.C. § 192: United States v. Miguel O. Tejada, Cr. 09-mj-077-01, and United States v. Elliot Abrams, Cr.-91-575 (AER). As Mr. Bloch and the Government have repeatedly noted, the Tejada and Abrams prosecutions both resulted in a sentence of probation for Mr. Tejada and Mr. Abrams, respectively, from the District Judges in the cases. Moreover, both cases were extremely high-profile: the Tejada prosecution dealt with the use of steroids in Major League Baseball, and the Abrams prosecution was an outgrowth of the Iran-Contra scandal. In such circumstances, it is reasonable—if not necessary—for this Court to infer that Mr. Bloch (and his attorneys, and the Government) were aware that the only two prior prosecutions under 2 U.S.C. §

---

Reply, and Affidavit provided ample basis for the Court to grant his motion to withdraw. Undersigned counsel represented, as an officer of the Court, that his client would not have pleaded guilty if the Court had advised that 2 U.S.C. § 192 carried a mandatory minimum sentence. See generally Motion to Withdraw Guilty Plea [Dkt. No. 37] at 2-6; Reply In Support of Unopposed Motion to Withdraw Guilty Plea [Dkt. No. 42] at 2-3. This is corroborated by the speed with which Mr. Bloch moved to withdraw his guilty plea once the Court ruled that 2 U.S.C. § 192 contained a mandatory minimum. Cf. United States v. Barker, 514 F.2d 208, 222 (D.C. Cir. 1975) ("A swift change of heart is itself strong indication that the plea was entered in haste and confusion"). Moreover, the Government's Reply further supported the inference that Mr. Bloch would not have pleaded guilty had the Court advised him that there was a mandatory minimum, because the Government noted that "both parties entered into the April 27, 2010 plea with the good-faith belief that 2 U.S.C. § 192 was a probation-eligible offense." See Dkt. No. 39 at 3. Finally, Mr. Bloch's Affidavit shows that he subjectively believed that 2 U.S.C. § 192 was probation-eligible and, had he been informed otherwise, he would not have pleaded guilty. See Bloch Aff. at ¶¶ 2-3 [Dkt. No. 42-1]. Any of these data points, on their own, would be sufficient to show a reasonable probability that Mr. Bloch would not have pleaded guilty if he had been informed that 2 U.S.C. § 192 was not probation-eligible.

4

192 over the past twenty years resulted in probation.  Consequently, it is thus ineluctable that Mr. Bloch's averment (through the representations of counsel as well as his Affidavit) that he subjectively believed that 2 U.S.C. § 192 does not carry a mandatory minimum sentence, and that such belief was central to his decision to plead guilty, was highly credible.  For the Court to conclude, as it has, that Mr. Bloch's averment is not credible, Mem. Op. at 13-14, without even discussing how Tejada and Abrams inform the credibility analysis, is clear error.

**III.     Alternatively, Mr. Bloch's Motion To Withdraw His Guilty Plea Should Be Granted Because Mr. Sparacino's Affidavit Shows That Manifest Injustice Would Result From A Denial Of Mr. Bloch's Motion.**

In this Circuit, it is well-settled that, where the Judge presiding over the Rule 11 colloquy fails to comply with the requirements of Rule 11—as is plainly the case here—"[s]uch pleas should almost always be permitted to be withdrawn" and "[i]t goes without saying that the standard is very lenient."  United States v. Barker, 514 F.2d 208, 221 (D.C. Cir. 1975); see also Ford, 993 F.2d at 251; Shah, 263 F. Supp. 2d at 20 (Lamberth, J.).  Moreover, for any defendant to show a reasonable probability that he would not have pleaded guilty but for the Rule 11 error, the Court's Rule 11 mistake places the defendant in a trickbox:  the defendant must either submit testimony himself, potentially implicating his Fifth Amendment liberties as well as his sacred right to privileged attorney-client communications, or put on other evidence which proves he would not have entered his guilty plea but for the Rule 11 mistake.  Since the only other competent evidence is the testimony of the defendant's attorney, forcing a rigorous burden of proof upon an already injured defendant essentially compounds the harm by forcing the defendant to waive the attorney-client privilege in order to show his decision-making process in connection with his guilty plea.  These sound principles of fairness help explain why the standard of proof is "very lenient" and why motions to withdraw are "almost always" granted.

In light of the foregoing, Mr. Bloch's original Motion to Withdraw, and subsequent Reply and supporting Affidavit, provided what undersigned counsel believed to be ample information and evidence for purposes of showing a reasonable probability that Mr. Bloch would not have plead guilty but for the Court's failure to advise him that 2 U.S.C. § 192. The Court, however, ruled that Mr. Bloch's Affidavit was "not entitled to credence" and disregarded the representations of counsel for Mr. Bloch and the Government, as Officers of the Court, which compelled the conclusion that Mr. Bloch would not have pleaded guilty if he had been informed that 2 U.S.C. § 192 was not probation-eligible. See generally Mem. Op. at 13-14. Consequently, the Court has essentially compelled Mr. Bloch to authorize a limited waiver of his attorney-client privilege in order to correct the record. Without additional recourse, he has now done so. See Sparacino Aff. ¶ 4 (Ex. 1).

Mr. Sparacino's Affidavit provides overwhelming proof that Mr. Bloch subjectively believed that 2 U.S.C. § 192 was a probation-eligible offense, and that Mr. Bloch would not have pleaded guilty had he been informed that 2 U.S.C. § 192 was not a probation-eligible offense. As set forth in detail in Mr. Sparacino's Affidavit:

- Aside from Mr. Bloch, Mr. Sparacino is the person who is best positioned to provide sworn testimony as to whether Mr. Bloch would have pleaded guilty had he been informed that 2 U.S.C. § 192 was not a probation-eligible offense because Mr. Sparacino: (i) has first hand knowledge of the contacts between Mr. Bloch and Winston & Strawn LLP; (ii) was principally responsible for analyzing the legal issues attendant to this case; and (iii) has first-hand knowledge of the contacts between Mr. Bloch and the Government for purposes of negotiating the Plea Agreement in this case. Sparacino Aff. ¶ 3 (Ex. 1).

- Mr. Bloch has authorized a limited waiver of the attorney-client privilege so that Mr. Sparacino may provide testimony concerning whether Mr. Bloch would have pleaded guilty had he been informed that 2 U.S.C. § 192 was not a probation-eligible offense. Specifically, Mr. Bloch has authorized Mr. Sparacino to disclose: (i) the legal conclusions Winston & Strawn LLP communicated to Mr. Bloch regarding whether 2 U.S.C. § 192 was a probation-eligible offense; (ii) communications from Mr. Bloch to Winston & Strawn LLP regarding Mr.

6

    Bloch's understanding of whether 2 U.S.C. § 192 was a probation-eligible offense; and (iii) communications from Mr. Bloch to Winston & Strawn LLP concerning the conditions under which he would plead guilty to a criminal offense. Mr. Bloch has not authorized any further waiver of the attorney-client privilege regarding any other issue, and his authorization is limited solely to those issues which inform the analysis of his Unopposed Motion to Withdraw his Guilty Plea. Sparacino Aff. ¶ 4 (Ex. 1).

- From the very beginning of Mr. Bloch's plea discussions with the Government, and continuing through the execution of the Plea Agreement, Mr. Bloch repeatedly communicated to undersigned counsel and Mr. Sparacino certain principles that were "red lines" for any Plea Agreement, i.e., items which were a precondition to any guilty plea. The two most important such red lines communicated by Mr. Bloch to undersigned counsel and Mr. Sparacino were: (i) he was not interested in accepting a felony plea; and (ii) he would only plead guilty to an offense that was probation-eligible. With respect to the latter point, Mr. Bloch repeatedly communicated to one or both of undersigned counsel and Mr. Sparacino that he understood it was a possibility that he could be sentenced to a term of incarceration under a misdemeanor, but he believed (consistent with our communications and advice to him) that, given his lack of criminal history, public service background, and the nature of the misdemeanor, as long as the offense was probation-eligible, undersigned counsel would have a realistic opportunity through allocution to secure probation, especially if the Government and the Probation Department were to concur (or, alternatively, not oppose his request for probation). Sparacino Aff. ¶ 6 (Ex. 1).

- In March 2010, undersigned counsel and Mr. Sparacino thoroughly reviewed the Contempt of Congress statute, 2 U.S.C. § 192. Our review focused on a number of considerations, including, but not limited to: (i) as a factual matter, whether Mr. Bloch could plead guilty to an offense under 2 U.S.C. § 192; and (ii) as a sentencing matter, whether Mr. Bloch would be eligible for probation under 2 U.S.C. § 192, and what criminal penalties might be imposed. Sparacino Aff. ¶ 7 (Ex. 1).

- Mr. Sparacino led Winston & Strawn's effort to review 2 U.S.C. § 192. He began by reviewing the full text of the statute. In light of the fact that 2 U.S.C. § 192 did not include statutorily defined terms, he quickly concluded that a reviewing Court would interpret the statute according to the ordinary meaning of its terms. After reviewing the ordinary meaning of 2 U.S.C. § 192, which he believed confirmed that the statute was probation-eligible, he then reviewed the only two cases in the past twenty years where 2 U.S.C. § 192 was at issue: United States v. Miguel O. Tejada, Cr. 09-mj-077-01, and United States v. Elliot Abrams, Cr.-91-575 (AER). He reviewed the publicly available materials for each case, including, but not limited to, sentencing briefs, published opinions, and press accounts. Finally, as a "sanity check" to make sure that he had not missed anything, he ran an extremely broad search on Westlaw that was designed to uncover any mention of 2 U.S.C. §

192 in any reported or unreported federal opinion at any time since the enactment of the statute. As a result of this Westlaw search, he reviewed several other cases where 2 U.S.C. § 192 was at issue, most of which dated back to the McCarthy-era. In sum, he does not recall reviewing any 2 U.S.C. § 192 opinions where the defendant received anything other than probation or a suspended sentence. At the end of his review of the plain language of 2 U.S.C. § 192, Tejada, Abrams, and the older McCarthy-era opinions, it was his strong conclusion that a guilty plea under 2 U.S.C. § 192 would be probation-eligible, and that probation would be the likely sentence in the event of any guilty plea by Mr. Bloch. Sparacino Aff. ¶ 8 (Ex. 1).

- After finishing his initial review of 2 U.S.C. § 192, as discussed above, Mr. Sparacino met with undersigned counsel and communicated all of his findings to me, including his conclusion that a guilty plea under 2 U.S.C. § 192 would be probation-eligible. Mr. Sparacino and I reviewed the language of 2 U.S.C. § 192 sentence-by-sentence and I agreed with him that, under the ordinary meaning of the terms in the statute, a guilty plea under 2 U.S.C. § 192 would be probation-eligible. Mr. Sparacino and I I also discussed the Tejada and Abrams matters, which further reinforced our conclusion that a guilty plea under 2 U.S.C. § 192 was probation-eligible because Mr. Tejada and Mr. Abrams both received probation. We also confirmed with the Government that it took a similar view as to the probation-eligibility of 2 U.S.C. § 192. Sparacino Aff. ¶ 9 (Ex. 1).

- After Mr. Sparacino spoke with me, he called Mr. Bloch and relayed the results of our extensive review of 2 U.S.C. § 192 to him. Among the legal conclusions Mr. Bloch and Mr. Sparacino discussed, Mr. Sparacino specifically informed Mr. Bloch that it was Mr. Sullivan's and Mr. Sparacino's legal opinion that, while a Court could always impose a discretionary period of confinement under the statute, such was not mandatory and Mr. Bloch would be eligible for probation if he plead guilty to 2 U.S.C. § 192, especially since neither Mr. Tejada nor Mr. Abrams received a term of imprisonment even as imposed through the discretion of the Court. In response, Mr. Bloch told Mr. Sparacino that he understood our legal reasoning and conclusions, agreed with them, and consequently, that he understood that 2 U.S.C. § 192 was a probation-eligible offense. Sparacino Aff. ¶ 10 (Ex. 1).

- On March 9, 2010, Mr. Sparacino sent an email to Mr. Bloch (with a copy to undersigned counsel) entitled "Summary of Legal Issues." In the email, Mr. Sparacino advised that Mr. Sparacino had reviewed the plain language of 2 U.S.C. § 192 and had also thoroughly reviewed the Tejada and Abrams materials (some of which he attached). In the section of the email relating 2 U.S.C. § 192 (which Mr. Sparacino also referred to in the email as "the Tejada Misdemeanor"), Mr. Sparacino included the full text of 2 U.S.C. § 192, explained his conclusion that he believed that a guilty plea under 2 U.S.C. § 192 would be probation-eligible by referencing the outcome in the Tejada case (i.e., probation), and concluded that Mr. Bloch, like Mr. Tejada, could assume that probation without any term of

> incarceration was a realistic possibility. In Mr. Sparacino's communications with Mr. Bloch after this email, Mr. Bloch informed Mr. Sparacino that he agreed with Mr. Sparacino's assessment that 2 U.S.C. § 192 was a probation-eligible offense. Sparacino Aff. ¶ 11 (Ex. 1).

- At some point on or about one week after Mr. Sparacino's March 9, 2010 email, Mr. Sparacino re-reviewed the language of 2 U.S.C. § 192 for other purposes. In the course of this re-review, it occurred to Mr. Sparacino that it was theoretically possible that someone could wrongly construe the language of the statute to suggest that a guilty plea under 2 U.S.C. § 192 was not probation-eligible. However, Mr. Sparacino quickly concluded that any such determination that 2 U.S.C. § 192 was not probation-eligible would be clearly erroneous. Mr. Sparacino based his conclusion on the plain language of 2 U.S.C. § 192 (in particular, the fact that "punishable" ordinarily means "capable of being punished"), as well as the outcomes in <u>Tejada</u> and <u>Abrams</u>, which undersigned counsel and Mr. Sparacino considered to be highly persuasive—if not binding—precedents. After spending approximately thirty minutes thinking about the issue and re-reviewing relevant materials, Mr. Sparacino walked down to undersigned counsel's office and explained the potential issue to me. Mr. Sparacino and I then re-reviewed 2 U.S.C. § 192 together (I literally read it out loud while Mr. Sparacino stood over my shoulder looking on) and I concurred with Mr. Sparacino's conclusion that 2 U.S.C. § 192 was a probation-eligible offense. I further agreed that the key language in 2 U.S.C. § 192 (i.e., "shall be deemed guilty of a misdemeanor, punishable by a fine of not more than $1,000 nor less than $100 and imprisonment in a common jail for not less than one month") did not mean that 2 U.S.C. § 192 contained a mandatory minimum sentence. I explained to Mr. Sparacino that I had been involved in many mandatory minimum cases during my career as a federal prosecutor, and that mandatory minimum statutes typically contain language such as "shall be sentenced to X years" and almost always also expressly preclude probation as a possible sentence. As a point of reference, Mr. Sparacino and I discussed 18 U.S.C. § 924(c), a mandatory minimum statute that we were intimately familiar with as a result of our work on another criminal matter currently pending in this District. I noted that 2 U.S.C. § 192 did not include anything comparable to the typical mandatory minimum language as reflected in statutes such as 18 U.S.C. § 924(c). I concluded that, in light of the language of 2 U.S.C. § 192, the outcome in <u>Tejada</u> and <u>Abrams</u>, my experience with mandatory minimum statutes, and the 924(c) analogy, I was not at all concerned that 2 U.S.C. § 192 contained a mandatory minimum. In response, Mr. Sparacino told me that he agreed completely with my assessment and he did not believe that 2 U.S.C. § 192 contained a mandatory minimum. I then thanked Mr. Sparacino for raising the issue and suggested that he update Mr. Bloch accordingly. Sparacino Aff. ¶ 12 (Ex. 1).

- Mr. Sparacino spoke with Mr. Bloch later that day, and they discussed a range of issues including Mr. Sparacino's discussion with undersigned counsel earlier in the day. During the conversation, Mr. Sparacino specifically told Mr. Bloch that

9

it was our considered opinion that 2 U.S.C. § 192 was a probation-eligible offense, notwithstanding the alternative interpretation which undersigned counsel and Mr. Sparacino viewed to be clearly wrong. Mr. Sparacino then briefly explained the same reasons identified in his earlier conversation with undersigned counsel as to why such a mandatory minimum conclusion would be erroneous. In particular, Mr. Sparacino mentioned the meaning of "punishable," the outcome in Tejada, and the 924(c) analogy. Mr. Sparacino concluded by telling Mr. Bloch that it remained our conclusion that 2 U.S.C. § 192 was probation-eligible. Mr. Sparacino added that he did not believe this would be an issue in any way, since he believed that the probation-eligible interpretation was so obvious from the plain meaning of the statute that no federal judge would construe it differently. Mr. Bloch replied to Mr. Sparacino that he understood our legal opinion, he agreed with it, and he continued to understand that 2 U.S.C. § 192 was a probation-eligible offense without any mandatory minimum. Sparacino Aff. ¶ 13 (Ex. 1).

- On March 14, 2010, Mr. Bloch authorized Mr. Sparacino and undersigned counsel to communicate to the Government his interest in pleading guilty to a misdemeanor Contempt of Congress under 2 U.S.C. § 192. In his authorization, Mr. Bloch did not authorize Mr. Sparacino and me to negotiate any offense which carried a mandatory minimum; his authorization assumed that probation was a realistic possibility and, consequently, Mr. Bloch provided Mr. Sparacino and me the authority for terms which are consistent with a sentence of probation. Sparacino Aff. ¶ 14 (Ex. 1).

- Mr. Bloch signed the Plea Agreement, with the Government as the Counter-Party, on or about April 19, 2010. Section 3 of the Plea Agreement provides that "[b]ased upon the calculations set forth above, your client's stipulated **Sentencing Guidelines range is 0 to 6 months (the 'Stipulated Guidelines Range') in Zone A**. … The parties agree that under the Sentencing Guidelines neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted. Accordingly, neither party will seek such a departure or seek any adjustment not set forth herein. Nor will either party suggest that the Court consider such a departure or adjustment." Thus, Mr. Sparacino (and undersigned counsel) believe that Section 3 of the Plea Agreement represents the mutual understanding of the Government and Mr. Bloch (through counsel) that a guilty plea under 2 U.S.C. § 192 would be probation-eligible, since Section 3 stipulated that the "Sentencing Guidelines range is 0 to 6 months," and such a stipulation would be impossible if 2 U.S.C. § 192 contained a mandatory minimum sentence. Sparacino Aff. ¶ 15 (Ex. 1).

- Prior to Mr. Bloch's assent to the Plea Agreement, Mr. Sparacino and undersigned counsel reviewed each paragraph of the Plea Agreement and related documents (e.g., Information, Proffer) with Mr. Bloch. We specifically reviewed the "0 to 6 months" language with Mr. Bloch and explained to him that the "0 to 6 months" language demonstrated that the Government agreed that 2 U.S.C. § 192

10

       was a probation-eligible offense, and we further explained to Mr. Bloch that it was our expectation that the Government would not object to our request for probation. Mr. Bloch communicated to us again—as he had in the past—that this understanding regarding the statute as being probation-eligible was a prerequisite to any guilty plea by him. Sparacino Aff. ¶ 16 (Ex. 1).

- On April 27, 2010, Mr. Bloch entered his plea of guilty to one misdemeanor count of Contempt of Congress under 2 U.S.C. § 192. The plea colloquy was consistent with Mr. Bloch's understanding, as well as that of Mr. Sparacino and undersigned counsel, that 2 U.S.C. § 192 is probation-eligible. Mr. Sparacino (and undersigned counsel) is certain that if Mr. Bloch had understood, at the time of the Rule 11 colloquy, that 2 U.S.C. § 192 included a mandatory minimum term of incarceration, then he would have quickly moved to withdraw his guilty plea. Mr. Bloch, however, did not understand that 2 U.S.C. § 192 contained a mandatory minimum since Mr. Sparacino and undersigned counsel specifically advised him to the contrary and the Court failed to advise him of the purported mandatory minimum during its Rule 11 colloquy. Sparacino Aff. ¶ 17 (Ex. 1).

- Mr. Sparacino (and undersigned counsel) have reviewed the Government's February 24, 2011 submission, which was signed by Assistant United States Attorney Glenn Leon. <u>See</u> Government's Response to Defendant's Motion to Withdraw Guilty Plea [Dkt. No. 39]. In the Government's submission, AUSA Leon states that "both parties entered into the April 27, 2010 plea with the good-faith belief that 2 U.S.C. § 192 was a probation-eligible offense." Dkt. No. 39 at 3. Based on the totality of my interactions with AUSA Leon, Mr. Sparacino (and undersigned counsel) believe that his statement is a truthful and accurate characterization of the Parties' understanding at the time of the April 27, 2010 plea. Sparacino Aff. ¶ 18 (Ex. 1).

**IV.** **<u>Conclusion.</u>**

In light of the clear error identified above, as well as the overwhelming evidence set forth in the Sparacino Affidavit, it will be a manifest injustice if this Court does not reconsider its prior ruling and grant Mr. Bloch's Motion to Withdraw his Guilty Plea.

Dated: March 14, 2011                                                     Respectfully Submitted,

                                                                                         _____/s/_____

                                                                                         William M. Sullivan, Jr.

Winston & Strawn, LLP
1700 K Street, NW
Washington, DC  20006
Email:  wsullivan@winston.com
Tel:     (202) 282-5744

*Counsel for Scott J. Bloch*