IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | CRIMINAL NO.  10-MJ-00215-01 (DAR) |
| v. | : | |
| | : | |
| | : | |
| SCOTT J. BLOCH | : | |
| | : | |
| Defendant. | : | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO RECONSIDER THE COURT'S DENIAL OF DEFENDANT'S MOTION TO WITHDRAW HIS GUILTY PLEA

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits this response to defendant's motion to reconsider the court's denial of defendant's motion to withdraw his guilty plea.

1.  The record in this case is clear that at the time the defendant entered into his guilty plea on April 27, 2010, he understood that he *could* be sentenced to up to a year in jail by this Court for pleading guilty to 2 U.S.C. § 192.  *See* Parties' Plea Agreement at ¶ 1 ("Your client understands that the charge carries a maximum sentence of not more than twelve months' imprisonment . .."); and ¶ 9 ("Your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence . . . The Government cannot, and does not, make any promise or representation as to what sentence your client will receive."); and Sparacino Affidavit at ¶ 6 ("Mr. Bloch repeatedly communicated to me. . . that he understood it was a possibility that he could be sentenced to a term of incarceration . . .").

2.  The record is equally clear that at the time he entered into his guilty plea, the defendant

believed that *it was possible* that he could receive a sentence of probation from this Court.  *See* Parties' Plea Agreement at ¶ 3D ("Based upon the calculations set forth above, your client's stipulated Sentencing Guidelines range (the "Stipulated Guidelines Range"), is 0 to 6 months . . . in Zone A."); and ¶ 4 ("The parties further agree that a sentence within the Stipulated Guidelines Range would constitute a reasonable sentence . . ."); Bloch Affidavit at ¶ 2 ("I believed that it was possible that I could be sentenced to probation.")[1]; Sparacino Affidaivt at ¶ 6, 11, 13, 14, 16 and 17.  In fact, the government shared this same belief, in part because the U.S. Probation Office had concluded barely a year earlier that 2 U.S.C. § 192 allowed for a sentence of probation in the case of *United States v. Miguel O. Tejada,* Cr.09-mj-077-01.  *See* Government's Memorandum In Aid of Sentencing for Tejada (09-mj-00077-AK; Docket #9), at 6-7 ("The stipulated Sentencing Guideline range here is 0 to 6 months in prison. [] ¶3D; PSR ¶62. . . . Defendant is eligible for a sentence of probation.  PSR, ¶¶ 68, 69.").  Defendant's Memorandum in Aid of Sentencing for Tejada (09-mj-00077-AK; Docket #12), at 1 ("We respectfully request that the Court, . . . in accordance with . . . the recommendation of the Presentence Report . . .sentence [] Tejada to a period of probation . . .").  Indeed, this Court's colleague, the Honorable Magistrate Judge Kay, sentenced Mr. Tejada to a period of twelve months of unsupervised probation following his guilty plea to 2 U.S.C. §192 approximately one year before the parties entered into a plea to this same charge before this Court.  *See* Tejada March 26, 2009 Minute Entry.

3. Mr. Bloch and his counsel maintain that Bloch did not realize that he faced one month of mandatory incarceration when he pled guilty, and had he understood this fact, there is a reasonable

---

[1] In his affidavit, Mr. Bloch states: "I believed that [2 U.S.C. § 192] was probation-*eligible*, and I believed that it was possible that I *could be* sentenced to probation.  If I had been informed that 2 U.S.C. § 192 was not a probation-*eligible* offense . . . I would not have pled guilty."  Bloch Affidavit at ¶ 2 and 3 (emphasis added).

probability that he would not have pled guilty.  The government has no reason to doubt the veracity of these statements because it also believed throughout the parties' plea negotiations that the charge was probation-eligible.  Therefore, because the Rule 11 omission at issue affected the defendant's decision to plead guilty, withdrawal of the plea in this case is warranted based on applicable legal standards. *See United States v. Booker,* 496 F.3d 717, 726 (D.C.Cir. 2007) ("To demonstrate prejudice in the context of a guilty plea, an appellant must 'show a reasonable probability that, but for the error, he would not have entered the plea.'") (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004)).

    4.    Finally, the government respectfully disagrees with the Court's suggestion that the government is "participat[ing] in a process by which a sentence is first determined by Defendant and the government[.]" Memorandum Opinion and Order at 20.  The plea agreement expressly recognizes that this Court has the sole discretion to sentence the defendant to any sentence of up to and including a year.  *See, e.g.* Plea Agreement at ¶ 1, 3, 8 and 9.  The government is not opposing the defendant's motion to withdraw based on principles of fairness.  Both parties entered into the plea agreement believing that 2 U.S.C. § 192 was a probation-eligible offense.  In light of the Court's ruling to the contrary, the government believes that fairness requires it to not oppose the defendant's motion to withdraw, because otherwise the plea agreement would not reflect what the parties negotiated and agreed to in good-faith.

WHEREFORE, the government does not oppose defendant's motion to withdraw his guilty plea.

                                  Respectfully submitted,

                                  RONALD C. MACHEN JR.
                                UNITED STATES ATTORNEY
                                D.C. BAR NUMBER 447-889
                                555 4th Street, N.W., 5th Floor
                                Washington, D.C. 20530
                                (202) 514-6600

By:          /s/
                                GLENN S. LEON
                                New York Bar. Reg. No.: 2621589
                                Assistant U.S. Attorney
                                Fraud and Public Corruption Section
                                555 4th Street, N.W.
                                Washington, D.C. 20530
                                (202) 252-7877
                                Glenn.S.Leon@usdoj.gov